UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN FERNANDO REYNAGA
VILLANUEVA,

        Petitioner,

    v.

KEVIN GUTHRIE, CARLOS R.
NUNEZ, GARRET J. RIPA, TODD
LYONS, MARKWAYNE MULLIN,
TODD BLANCHE, EXECUTIVE
OFFICE FOR IMMIGRATION
REVIEW,

        Respondents.

Case No. 2:26-cv-1294-KCD-NPM

## **ORDER**

Petitioner Juan Fernando Reynaga Villanueva is back before this Court. Not long ago, the Court granted his first habeas petition and ordered the Government to provide him with a bond hearing under 8 U.S.C. § 1226(a). (*See* Doc. 1-2.) The Government complied. On April 9, 2026, an immigration judge conducted the hearing but denied bond, concluding that Villanueva poses a danger to the community. (Doc. 8-1.)

Villanueva now files a second habeas petition. (Doc. 1.) He doesn't dispute that he received a hearing. Instead, he challenges the immigration judge's conclusion, calling it legally erroneous, unsupported by meaningful evidence, and constitutionally inadequate. (*Id.* at 8-11.) Because he believes

the decision lacks a rational evidentiary basis, Villanueva argues his continued detention violates the Fifth Amendment's Due Process Clause. He asks this Court to declare his detention unlawful, recuse the presiding immigration judge, and order a new bond hearing before a different judge. (*Id.* at 11-12.)

For starters, the Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). The Attorney General (acting through an immigration judge) has the discretion to release a noncitizen on bond. But Congress also made a choice about who gets to review that decision. And the answer it gave was not the federal courts. Section 1226(e) plainly states that the Attorney General's discretionary judgment "shall not be subject to review," and "[n]o court may set aside any action or decision" regarding the "detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). This provision strips federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [an alien's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018); *see also Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]"). Villanueva's "remedy for any alleged error by the immigration judge in the

bond denial is to appeal that decision pursuant to the normal appellate procedures." *Chox v. Hardin*, No. 2:26-cv-165-JES-DNF, Doc. 17 at 2 (M.D. Fla. Mar. 24, 2026).

To bypass this jurisdictional bar, Villanueva attempts to dress up his disagreement with the immigration judge's weighing of the evidence as a constitutional claim. He argues that treating his traffic offenses as a "danger to the community" is so irrational that it eviscerates due process. (Doc. 1 at 9-10.)

It is true that § 1226(e) does not completely shut the courthouse door. Federal courts retain jurisdiction over colorable constitutional challenges. *See Castillo v. ICE*, No. 25-25296-CV, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025). But a petitioner cannot open that door simply by slapping a "constitutional" label on a standard discretionary grievance. A robust due process challenge requires a defect in the process itself—not just an unfavorable result. Villanueva's claim here falls into the latter category.

Villanueva also argues that his custody hearing was a perfunctory, predetermined exercise that failed to satisfy due process. But a hearing is not perfunctory merely because the losing party is unhappy with the outcome. Villanueva's counsel submitted a robust package of supporting materials, including biographic records, tax histories, and numerous character reference letters. The immigration judge did not ignore those materials. "After full

consideration of the evidence presented," she simply weighed them against Villanueva's history of multiple traffic violations—including careless driving and operating a vehicle without a valid license—and reached a discretionary conclusion that he posed a danger to the community. (Doc. 8-1.) Because there is nothing to suggest the immigration judge did not consider the evidence offered, Villanueva's claim is not a genuine challenge to the fairness of his proceeding, but an invitation for this Court to second-guess how the executive branch weighed the facts. That is a merits-based disagreement, not a constitutional defect.

Lastly, Villanueva argues that his hearing was fundamentally unfair because the immigration judge placed the burden of proof on him rather than the Government. (Doc. 1 at 11.) But this bare assertion is entirely conclusory. He offers no legal analysis, case law, or rigorous argument to support shifting the standard; he simply claims the allocation is unfair because he dislikes the outcome of his hearing. The Court declines to hunt for (or construct) the argument for him. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (explaining a district court does not have "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action").

This Court has completed its role by ensuring that the required statutory process was provided. It cannot act as an appellate court for

4

discretionary immigration rulings. Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is directed to terminate any pending motions, enter judgment accordingly, and close the case.

**ORDERED** in Fort Myers, Florida on May 18, 2026.

Kyle C. Dudek
United States District Judge